UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PHILLIP REMEL and BARBARA REMEL**                                                **PLAINTIFFS**

**V.**                                                       **CIVIL ACTION NO.1:07CV126 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and FELECIA CRAFT-PALMER, ET AL.**                                         **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it two motions:  Plaintiffs' motions [7] [18] seeking an order remanding this action to the Circuit Court of Hancock County, Mississippi; and Defendants' motion [36] to dismiss.  I will treat the motion to dismiss as a motion for summary judgment under Rule 56 because the parties have submitted evidence in the form of affidavits that are outside the pleadings.  I will also consider this additional evidence in deciding the motions to remand.  For the reasons set out below the motion to dismiss will be granted, and the motions to remand will be denied.

Plaintiffs Phillip and Barbara Remel (the Remels) are the owners of residential property situated at 126 Leopold Street, Bay St. Louis, Mississippi.  This property was damaged during Hurricane Katrina.  At the time of the storm, the Remels' property was insured under two policies:

State Farm Fire and Casualty Company's (State Farm) homeowners policy number 24-06-8685-3 provides limits of coverage of $444,700 (Dwelling), $24,400 (Dwelling Extension), $83,775 (Personal Property) and coverage for loss of use.  This policy provides coverage for damage from windstorms, and it excludes coverage for flood damage.  State Farm has tendered $31,400.04 in benefits under this homeowners policy, for damage to the plaintiffs' dwelling and garage.

State Farm policy number 24-D4-5567-9 is a flood insurance policy providing limits of coverage of $104,300 (Dwelling) and $44,800 (Personal Property).  The limits of coverage under the flood policy have been paid, and that policy is not at issue in this litigation.

According to the affidavit of Bill Lovell (Lovell), the Remels purchased both of these policies in 1988, and the policies have been renewed annually since that time. According to the affidavit of Palmer, she did not sell these policies to the Remels at the inception of these coverages in 1988.  According to the affidavit of Phillip Remel, Defendant Felecia Craft-Palmer (Palmer) was the agent who handled the last renewal of these two policies.

Plaintiffs filed this action in the Circuit Court of Hancock County, Mississippi, and the defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy. Plaintiffs' motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332. Both the Remels and Defendant Palmer are resident citizens of Mississippi, and if the Remels have stated a cause of action against Palmer, the complete diversity of citizenship necessary to establish this Court's subject matter jurisdiction is absent.

State Farm asserts that the Remels have no valid grounds to proceed on their claims against Palmer and that Palmer has been improperly joined to defeat this Court's diversity jurisdiction. In order to evaluate these assertions I must apply a very liberal standard. Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiffs all reasonable inferences in support of their claims based upon those facts. I must also resolve all doubtful issues of state law in favor of the plaintiffs. The complaint against the non-diverse defendant, Palmer, may be dismissed only if the facts the Remels have alleged are insufficient, if proved, to establish a right of recovery against Palmer. *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) In reaching the merits of this matter the Court may consider evidence outside the pleadings and treat the motions as motions for summary judgment under F.R.Civ.P. 56. I will do so in this case, taking into consideration the affidavits of Phillip Remel, Palmer, and Lovell.

Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000). Thus, in order to establish that removal is proper, State Farm and Palmer must demonstrate that the Remels have not alleged facts sufficient to support a reasonable belief that they may prevail on the merits of their claim against Palmer. The facts alleged must be sufficient to raise a claim for relief above the speculative level, assuming that all the facts alleged are true, even if those facts may be doubtful. *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). The Remels allege that Palmer stood in a fiduciary relationship with them at the time they did business, but the Remels have alleged no facts which would support a finding that such a relationship existed. Since the relationship between an insurance agent and his customers is ordinarily not fiduciary in nature, in the absence of allegations of some special relationship between the parties, there is no basis for accepting the plaintiffs' legal conclusion that they stood in a fiduciary relationship with Palmer. *Gorman v. Southeastern Fidelity Ins. Co.*, 621

F.Supp. 33, 38 (S.D. Miss  1985) aff'd 775 F.2d 655 (5th Cir.1985); *Lady v. Jefferson Pilot Life Ins. Co.*, 241 F.Supp.2d 655 (S.D. Miss. 2001)

The Remels' substantive complaints against Palmer involve three basic allegations of misconduct:

1) that Palmer misrepresented the terms of the State Farm policies she sold to the Remels, by failing to tell the Remels that their homeowners policy excluded coverage for flood damage (Complaint Paragraph 51) (the Remels contend that Palmer's failure to give them this notification constitutes actionable negligence and an actionable misrepresentation of the coverage actually provided by the policy);

2) that Palmer "failed to provide equal to or greater than the coverage provided by the home owners [sic] policy" (Complaint Paragraph 18) (the Remels contend that Palmer's failure to secure this coverage in the flood insurance policy constitutes actionable negligence); and

3) that Palmer "did not inform the Plaintiffs that for a minimal increase in premium the Plaintiff [sic] could have obtained coverage which equaled or exceed the coverage provided by the home owners [sic] policy" (Complaint Paragraph 20) (the Remels contend that Palmer's failure to give them this information concerning the availability of additional flood insurance also constitutes actionable negligence).

In *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007) the Court held that under Mississippi law an insured has an affirmative duty to read his policy and that the insured is charged with constructive knowledge of the contents of his policy whether he reads it or not.  Under this holding, the Remels are charged with knowledge of the flood damage exclusion in their homeowners policy, and Palmer's failure to invite their attention to that specific policy provision is not sufficient to establish actionable negligence on the part of Palmer.

The Remels do not allege that Palmer misinformed them concerning the availability of additional flood insurance coverage, and, since Palmer apparently secured the coverage the Remels asked for, I do not believe Palmer's doing so can support a claim of negligence in the absence of any allegation that Palmer secured less coverage than the Remels requested.

Even if Palmer never told the Remels the cost of additional flood coverage, the complaint makes no allegation that Remel made any inquiry on this point.  Where no such inquiry is alleged, the mere failure to take the affirmative step of informing the prospective insured as to the cost of coverage he (the insured) has not requested is, in my opinion, insufficient to support a claim of negligence.

The affidavit of Phillip Remel has been submitted as Exhibit Four to Plaintiffs' Motion To Remand and Motion for Emergency Hearing.  I have carefully read this affidavit to see whether it offers any additional details concerning the relationship between the Remels and Palmer or concerning the transactions leading to the purchase of the Remels' State Farm policies.  The affidavit contains no additional information beyond the allegations of the complaint, except for the statement, in paragraph Six: "If the sales agents of Felecia Craft-Palmer had offered me more flood protection for a minimal increase in premiums, I would have accepted the increased coverage." This affidavit give me no facts to suggest that any inquiry was ever made to Palmer concerning the availability of additional flood insurance coverage or to suggest that Palmer otherwise breached any legal duty she owed to the Remels in connection with the sale of the Remels' insurance coverages.

For these reasons, I am of the opinion that the Remels have not alleged facts sufficient, if proved, to establish a right of recovery against Palmer.  An order dismissing the Remels' complaint against Palmer and denying the Remels' motion to remand will therefore be entered.

**DECIDED** this 6th day of March, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE