# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**PHILLIP REMEL and BARBARA REMEL**                        **PLAINTIFFS**

**V.**                                      **CIVIL ACTION NO.1:07CV126 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and UNKNOWN DEFENDANTS**                                 **DEFENDANTS**

## MEMORANDUM OPINION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court has before it Defendant State Farm Fire and Casualty Company's (State Farm) motion [112] for partial summary judgment. This motion addresses the following claims:

1. Negligence and Gross Negligence (Count 1 of the Complaint)
2. Breach of Fiduciary Duty (Count 3 of the Complaint)
3. Bad Faith Refusal to Pay (Count 5 of the Complaint)
4. Intentional Infliction of Emotional Distress (Count 6 of the Complaint)
5. Fraudulent Misrepresentation and/or Omission (Count 7 of the Complaint)
6. Negligent Misrepresentation and/or Omission (Count 8 of the Complaint)
7. Estoppel (Count 9 of the Complaint)
8. Valued Policy Statute Claim (Count 12 of the Complaint)
9. Reformation based on "Equitable Fraud" (Count 15 of the Complaint)
10. Specific Performance (Count 16 of the Complaint)
11. Extra-contractual and Punitive Damages (Count 17 of the Complaint)

This motion does not address the plaintiffs' claims for breach of contract (Count 4 of the Complaint), for State Farm's failure to properly train its agents (Count 10 of the Complaint), for equitable relief under the umbrella of "Indemnity" (Count 14 of the Complaint), and for Declaratory Relief (Counts 11 and 13 of the Complaint).

## Undisputed Facts

Plaintiffs Phillip and Barbara Remel (the Remels) own residential property situated at 126 Leopold Street, Bay St. Louis, Mississippi. This property was damaged during Hurricane Katrina. At the time of the storm, the Remels's property was insured under two policies:

State Farm homeowners policy number 24-06-8685-3 provides limits of coverage of $444,700 (Dwelling), $24,400 (Dwelling Extension), $83,775 (Personal Property) and coverage for loss of use. This policy provides coverage for damage from windstorms, and it excludes coverage for flood damage. State Farm has tendered $31,400.04 in benefits under this homeowners policy for damage to the plaintiffs' dwelling and garage.

State Farm policy number 24-D4-5567-9 is a flood insurance policy providing limits of coverage of $104,300 (Dwelling) and $44,800 (Personal Property). The limits of coverage under the flood policy have been paid, and that policy is not at issue in this litigation.

Plaintiff filed this action in the Circuit Court of Hancock County, Mississippi, against both State Farm and one of its local agents, Felecia Craft Palmer (Palmer). The defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy. Plaintiffs' motion to remand was denied, and the plaintiffs' claims against Palmer (in Count 2 and other parts of the Complaint) were dismissed. These rulings appear at docket numbers [48] and [49].

**Allegations of the Complaint: Pre-Storm and Post-Storm Misconduct**

Many of the allegations in the Remels' thirty-four page complaint are based on the claim that State Farm owed the Remels a duty to select or recommend the proper types and amount of insurance coverage for them. Other allegations concern conduct by the State Farm representatives who evaluated the Remels' claim and made decisions on the merits of the claim. Thus, there are allegations of State Farm's pre-storm misconduct in the context of selling the Remels their insurance coverage, and there are allegations of State Farm's post-storm misconduct in adjusting the plaintiffs' claims. In this opinion I will address only the Remels' claims concerning State Farm's pre-storm conduct, and I will address the Remels' claims concerning State Farm's post-storm conduct in a separate opinion.

**Pre-Storm Claims for Negligence, Misrepresentation and/or Omissions**

The Remels' substantive complaints about State Farm's pre-storm conduct involve three basic allegations, all underpinned by the legal duties the plaintiffs assert State Farm owed them at the time the plaintiffs bought their insurance coverages:

1) That State Farm (acting through Palmer) misrepresented the terms of the State Farm policies sold to the Remels, by failing to tell the Remels that their homeowners policy excluded coverage for flood damage (Complaint Paragraph 51) (the Remels contend that State Farm's failure to give them this notification constitutes actionable negligence and an actionable misrepresentation of the coverage actually provided by the policy);

-2-

2) That State Farm (acting through Palmer) "failed to provide [flood coverage] equal to or greater than the coverage provided by the home owners [sic] policy" (Complaint Paragraph 18) (the Remels contend that State Farm's failure to secure this amount of flood coverage constitutes actionable negligence); and

3) That State Farm (acting through Palmer) "did not inform the Plaintiffs that for a minimal increase in premium the Plaintiff [sic] could have obtained coverage which equaled or exceed [sic] the coverage provided by the home owners [sic] policy" (Complaint Paragraph 20) (the Remels contend that State Farm's failure to give them this information concerning the availability of additional flood insurance also constitutes actionable negligence).

As I noted in the Memorandum Opinion [48] concerning the plaintiffs' cause of action against Palmer:

"In *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007) the Court held that under Mississippi law an insured has an affirmative duty to read his policy and that the insured is charged with constructive knowledge of the contents of his policy whether he reads it or not. Under this holding, the Remels are charged with knowledge of the flood damage exclusion in their homeowners policy, and Palmer's failure to invite their attention to that specific policy provision is not sufficient to establish actionable negligence on the part of Palmer."

"The Remels do not allege that Palmer misinformed them concerning the availability of additional flood insurance coverage, and since Palmer apparently secured the coverage the Remels asked for, I do not believe Palmer's doing so can support a claim of negligence in the absence of any allegation that Palmer secured less coverage than the Remels requested. Even if Palmer never told the Remels the cost of additional flood coverage, the complaint makes no allegation that Remel made any inquiry on this point. Where no such inquiry is alleged, the mere failure to take the affirmative step of informing the prospective insured as to the cost of coverage he (the insured) has not requested is, in my opinion, insufficient to support a claim of negligence."

State Farm sold the Remels exactly the types and amounts of coverage the Remels requested, and there is no allegation that State Farm affirmatively misrepresented the terms of these policies. The merits of the Remels' pre-storm allegations boil down to a question of whether State Farm owed the Remels a duty to explain the availability of additional flood coverage at the time the Remels purchased their policies.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte,* 485 So.2d 295 *(*Miss.1986*); Lovett v. Bradford,* 676 So.2d 893 *(*Miss.1996*); First United Bank of Poplarville v. Reid,* 612 So.2d 1131 *(*Miss.1992*).* An insurance agent who undertakes to give his advice

concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care (or if the advice is deliberately misleading).  But Mississippi law imposes no legal duty on an insurer to affirmatively call a customer's attention to his right to purchase additional coverages that the customer is not required by law to carry nor does Mississippi law impose a duty on the insurer to analyze a customer's insurance need and recommend particular coverages.  *Alley v. Northern Ins. Co.,* 926 So.2d 906 *(*Miss. 2006*) citing Owens v. Miss. Farm Bureau Cas. Ins. Co.,* 910 So.2d 1065, 1074 (Miss. 2005*) See: Buchanan v. State Farm Fire and Cas. Co.,* 2007 WL 1031648 (S.D.Miss. 2007*).*  In accordance with the legal principles established by these cases, State Farm is entitled to judgment as a matter of law on the Remels' claims for pre-storm negligence, misrepresentation and/or omission (Counts 1, 7, and 8).

### Pre-Storm Claims for Breach of a Fiduciary Duty

Plaintiffs seek several equitable remedies (estoppel, declaratory relief, reformation of the policy based on "Equitable Fraud" specific performance, imposition of a constructive trust, and injunctive relief), based upon their allegation (Paragraph 56 of the Complaint) that there was a confidential relationship between the plaintiffs and State Farm.  But the evidentiary material submitted in connection with the dismissal of the plaintiffs' claims against Palmer do not support a finding that such a relationship in fact existed, and the Remels have submitted no additional evidence that would support such a finding.  There is nothing in these materials to indicate that the relationship between State Farm (and its local agent) and the plaintiffs was not arm's length.  The duties State Farm owes the plaintiffs arise in this factual context, not in the context of a confidential or fiduciary relationship.  Under applicable Mississippi law, no general fiduciary duty arises between an insurer and an insured in a first party insurance contract.  *Szumigala v. Nationwide Mut. Ins. Co.,* 853 F.2d 274, 280 n.7 (5th Cir.1988); *Robley v. Blue Cross/Blue Shield of Mississippi,* 935 So.2d 990 (Miss.2006).  Thus, State Farm is entitled to judgment as a matter of law on the plaintiffs' claim for breach of a fiduciary duty at the time they purchased their insurance coverage. (Count 3 of the Complaint)

### Claims for Equitable Remedies for Alleged Pre-Storm Misconduct by State Farm

The Remels have presented no evidence to support their claim for reformation of the insurance policy at issue.  There is no evidence in the record that would support a finding that State Farm engaged in "equitable fraud" or any other actionable misconduct at the time the Remel's purchased their coverages.  State Farm is entitled to judgment as a matter of law on Count 15 of the Complaint.

Mississippi's Valued Policy statute, § 83-13-5 Miss. Code Ann. (1972), applies only to fire insurance policies. State Farm is entitled to judgment as a matter of law on Count 12 of the Complaint.

The Remels have presented no evidence to support their claim that the Court should estop State Farm from relying on the terms of its homeowners policy. State Farm is entitled to judgment as a matter of law on Count 9 of the Complaint.

At least as far as the procurement of coverage is concerned, there is no factual basis in State Farm's pre-storm conduct supporting the Remels' claims of negligence, misrepresentation and/or omission, breach of fiduciary duty, application of Mississippi's valued policy statute, contract reformation based on "equitable fraud," or estoppel. For these reasons, I am of the opinion that State Farm is entitled to judgment as a matter of law on the claims based on State Farm's pre-storm conduct under Counts 1, 3, 7, 8, 9, 12, and 15 of the Complaint. An order dismissing these portions of the Remels' complaint will therefore be entered.

**DECIDED** this 25th day of February, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE