UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


PHILLIP REMEL AND BARBARA REMEL                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:07cv126-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                               DEFENDANTS
AND UNKNOWN DEFENDANTS

## ORDER

There are numerous pending motions *in limine* in this cause of action, most of which are filed by the Defendant State Farm Fire and Casualty Company (State Farm). This order addresses the following:

[134] Motion for a Phased Trial and to Preclude Evidence of or Reference to Negligence, Other Equitable and Tort Claims, and Claims for Extra-Contractual and Punitive Damages Prior to a Finding of Coverage Under the Insurance Policy;

[136] Motion to Exclude any and all Testimony, Evidence, and Argument Relating to the Market Conduct Report;

[138] Motion to Exclude Evidence, Testimony, or Argument Relating to Mississippi Department of Insurance Bulletins and Related Correspondence;

[140] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding any Grand Jury or Government Investigation of the Insurance Industry's Response to Hurricane Katrina;

[141] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding Claims Handling for Properties Other than Plaintiffs';

[142] Motion to Exclude Testimony, Evidence, and Argument Relating to Interpretation of Insurance Policy Provisions or Principles of Mississippi Law and to Exclude the Wind/Water Claim Handling Protocol;

[143] Motion to Exclude Evidence, Testimony, or Argument Concerning Evidence of Out-of-State Conduct; and

[149] Motion for an Order that Plaintiffs Bear the Substantive Burden of Proof under

1

Coverage B–Personal Property.

The Court will address the [145] Motion to Preclude Evidence or Testimony that Plaintiff's Home was Completely Destroyed by Wind, and its companion–the [146] Motion for a Ruling that Plaintiffs' Acceptance of a Flood Insurance Payment Constitutes an Admission that at Least that Amount of Flood Damage Occurred and that the Flood Insurance Payment Must be Offset Against any Recovery Under Plaintiff's Homeowners Insurance–by separate order. Indeed, Plaintiffs have filed their own motions aimed at the receipt of MDA grant funds (docket entries [152] and [154]). The remaining pending motions not addressed herein will also be disposed of by separate order(s).

With respect to [134], this Court has outlined the procedure to be used in the trial of other cases, and the approach here will be no different. *See, e.g., Payment v. State Farm Fire and Casualty Co.*, No. 1:07cv1003 (docket entries [97] and [131]). There are potentially three phases of the trial, with the first considering the underlying contractual/coverage/negligence claims. The second and third phases are reserved for consideration of punitive and extra-contractual damages. *Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008), suggests that consequential or extra-contractual damages may be appropriate when punitive damages are not. In addition, the Mississippi Supreme Court, in *United American Insurance Co. v. Merrill*, 978 So. 2d 613 (Miss. 2007), held that attorney's fees are justified where punitive damages are awarded. Depending on the outcome of the first phase, it follows that the non-contractual damages potentially do not come into play until after the first phase. Thus, the only issue to be tried in phase one is the coverage claim. The subject(s) of any additional phases will be determined once the first phase is fully concluded. Of course, counsel for each party may make statements at the beginning of each phase that is held, and each party will be allowed to address the prospect of punitive damages in *voir dire*.

State Farm's [134] motion is fairly consistent with the above discussion. However, it continues to urge, contrary to this Court's many previous rulings, that the manner in which the claim was handled is not appropriate for the first phase. As the Court has observed on numerous occasions, it is difficult to envision a breach of an insurance contract lawsuit without consideration of the policy provisions, the investigation of the loss, and decisions on issues of coverage and losses. The information in State Farm's possession at the time of its claims decision, as well as the tools it used in reaching that decision, are relevant as to whether Plaintiffs are entitled to benefits under the insurance policy, and this would be the case even if punitive or extra-contractual damages were not sought. Specifically, the wind/water protocol adopted by State Farm is admissible, as it is just another part of its decision-making process. While Plaintiffs may not be able to offer opinion testimony on interpretation of their insurance policy, as will be discussed below, neither may State Farm interfere with the Court's function by declaring that the wind/water protocol "is consistent with its contractual obligations under its policies" nor argue that the wind/water protocol has nothing to do with coverage. Thus, State Farm may not prevent Plaintiffs from introducing evidence in the first phase of the trial concerning the manner in which the claim was handled. The Court will instruct the jury on the

applicable law, whether that relates to the policy provisions or the procedure adopted by State Farm in applying them.

State Farm also seeks the exclusion of the Report of the Special Target Examination for Hurricane Katrina Homeowner Claims (popularly known as the Market Conduct Report) commissioned by the Mississippi Department of Insurance. In addition to the fact that Plaintiffs do not oppose this motion, the Court agrees that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. State Farm's [136] motion will be granted.

The Court has ruled consistently that Mississippi Department of Insurance bulletins and correspondence are not admissible, unless State Farm responded to them in one manner and acted in another, or if State Farm used or relied on those bulletins for other purposes. The same exception holds true if State Farm made a statement in the nature of an evidentiary admission in any of these documents. Otherwise, these documents are not relevant to any issue in dispute and will be inadmissible at trial. Except as conditioned above, the Court will grant State Farm's [138] motion.

As to State Farm's [140] motion regarding government and grand jury investigations of the insurance industry's response to Hurricane Katrina, as well as the [143] motion concerning dissimilar out-of-state conduct, the Court finds, once again consistent with other rulings on these issues, that this evidence is fraught with the danger of unfair prejudice, confusion of the issues, and misleading the jury. The sole focus of the trial of this cause of action is Plaintiffs' and State Farm's contractual relationship, and the duties and responsibilities arising therefrom.

State Farm seeks [141] to exclude evidence of claims handling by other insurance companies. Plaintiffs intend to offer evidence concerning other properties in close proximity to theirs where wind damage was allegedly sustained, but not with respect to claims practices by other insurers. This Court has not allowed the introduction of evidence of claims adjusted by different insurance companies. On the other hand, State Farm's own adjusting practices, policies, and procedures are fair game for cross examination. While the wholesale introduction of evidence of this type will not be allowed, Plaintiff will not be prohibited from developing fact-specific proof of State Farm's own claims adjusting in any case where the property(ies) are in reasonably close proximity to Plaintiff and was/were exposed to similar storm conditions. Along this line, Plaintiffs, with a proper predicate, may also be allowed to develop evidence of damage to other properties in their surrounding neighborhood, but at some point this may cross the line into confusion or misleading the jury. Thus, State Farm's motion will be denied, without prejudice.

State Farm's [142] motion is a mixed bag. On the one hand, State Farm is correct that testimony concerning the interpretation of policy provisions and Mississippi law is not appropriate. Both subjects are issues of law within the province of the Court, not the jury. However, in conjunction with the Court's ruling *supra* on the phasing of the trial, evidence of

3

State Farm's wind/water protocol will not be excluded.

State Farm's [149] motion is partly of an *in limine* nature, while the rest is more appropriate for the jury instruction conference. The motion is directed at the burden of proof with respect to personal property under coverage B of the subject insurance policy (dwelling is addressed in coverage A). In *Broussard, supra*, the court of appeals acknowledged that "[t]he parties bear different burdens of proof under the personal property and dwelling coverages." *Id.* at 625. Personal property coverage is for a named peril for which the Plaintiffs have the basic burden of establishing their right to recover, while dwelling coverage is open peril with State Farm having the burden of proof on the application of a policy exclusion. This latter burden never "shifts back" to Plaintiffs. *Id.* at 625-27. At any rate, "the parties must meet their burdens of proof . . ., and the ultimate allocation of wind and water damages under the [Plaintiffs'] . . . coverage is a question of fact for the jury." *Id.* at 627 (citations omitted).

Accordingly, **IT IS ORDERED**:

State Farm's [134] Motion for a Phased Trial and to Preclude any and all Testimony, Evidence, and Argument Regarding Negligence, Other Tort Claims, and Claims for Extra-Contractual and Punitive Damages Prior to a Finding of Coverage Under the Insurance Policy is **GRANTED IN PART** and **DENIED IN PART**, subject to the above comments;

State Farm's [136] Motion to Exclude any and all Testimony, Evidence, and Argument Relating to the Market Conduct Report is **GRANTED**;

State Farm's [138] Motion to Exclude Evidence, Testimony, or Argument Relating to Mississippi Department of Insurance Bulletins and Related Correspondence is **GRANTED**, subject to the above comments;

State Farm's [140] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding any Grand Jury or Government Investigation of the Insurance Industry's Response to Hurricane Katrina is **GRANTED**;

State Farm's [141] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding Claims Handling for Properties Other than Plaintiffs' is **GRANTED IN PART** and **DENIED IN PART**, subject to the above comments;

State Farm's [142] Motion to Exclude Testimony, Evidence, and Argument Relating to Interpretation of Insurance Policy Provisions or Principles of Mississippi Law and to Exclude the Wind/Water Claim Handling Protocol is **GRANTED IN PART** (as to interpretation of the policy and law) and **DENIED IN PART** (as to the wind/water protocol);

State Farm's [143] Motion to Exclude Evidence, Testimony, or Argument Concerning Evidence of (dissimilar) Out-of-State Conduct (not related to Plaintiffs' claim) is **GRANTED**;

and

State Farm's [149] Motion for an Order that Plaintiffs Bear the Substantive Burden of Proof Under Coverage B–Personal Property is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED** this the 2nd day of March, 2009.

                                                          s/ L. T. Senter, Jr.
                                                          L. T. SENTER, JR.
                                                          SENIOR JUDGE