UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


PHILLIP REMEL AND BARBARA REMEL                                    PLAINTIFFS

V.                                               CIVIL ACTION NO. 1:07cv126-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
AND UNKNOWN DEFENDANTS                                             DEFENDANTS

## ORDER

This order addresses the following motions *in limine* in this cause of action (with the Defendant being referred to as State Farm):

[139] Motion to Preclude Plaintiff from Introducing Testimony that Waiver or Estoppel Create or Modify Coverage;

[147] Motion to Preclude Plaintiff from Identifying, Using, or Referencing any Unproduced Evidence or Witnesses at Trial;

[148] Motion to Limit Plaintiffs' Damage Recovery for their Dwelling to the Amount Sworn to by Plaintiffs to the Internal Revenue Service; and

[150] Motion to Exclude Evidence of or Reference to Replacement Cost of Insured Property.

As indicated in its recent [182] Order, the Court will address the [145] Motion to Preclude Evidence or Testimony that Plaintiff's Home was Completely Destroyed by Wind, and its companion–the [146] Motion for a Ruling that Plaintiff's Acceptance of a Flood Insurance Payment Constitutes an Admission that at Least that Amount of Flood Damage Occurred and that the Flood Insurance Payment Must be Offset Against any Recovery Under Plaintiffs' Homeowners Insurance–by separate order. Plaintiffs have filed their own motions aimed at the receipt of MDA grant funds (docket entries [152] and [154]). The other two motions *in limine* filed by Plaintiffs ([153] and [159]) will also be dealt with by separate order(s), as will State Farm's motions [104] and [107] aimed at expert witnesses.

Plaintiffs' response to State Farm's [139] motion on waiver or estoppel does not directly counter the issues raised. However, Plaintiffs argue elsewhere [166] that they "do not intend to challenge the water exclusion or the hurricane endorsement provision." Furthermore, this Court is bound to follow the decisions of the United States Court of Appeals for the Fifth Circuit on the

1

subject of "blanket" hurricane coverage. *Leonard v. Nationwide Mutual Insurance Co.*, 499 F.3d 419 (5th Cir. 2007), recognized that an "insured has an affirmative duty to read the policy," and "[w]hether the policy was read or not . . . constructive knowledge of its contents is imputed to the policyholder." *Id.* at 438. *See also Tuepker v. State Farm Fire & Casualty Co.*, 507 F.3d 346 (5th Cir. 2007). Plaintiffs in the instant case knew or should have known the policy's contents, and evidence dealing with waiver or estoppel of its provisions will not be allowed. The actual subject matter of the Plaintiffs' [163] response to this motion will be addressed elsewhere, but State Farm's [139] motion as presented will be granted.

State Farm's [147] request to exclude unproduced evidence or witnesses for use at trial expresses specific concerns, namely a deposition by one of its employees (Terry Blalock) taken in a state court case, and "expert" testimony from certain individuals (including the Plaintiff Phillip Remel) who State Farm claims have not been designated as experts. As regards the former, Plaintiffs (in docket entry [170]) "anticipate that they may use the deposition of Terry Blaylock [sic] for impeachment purposes only of Defendants' [sic] representatives." The Court notes that Blalock is not identified as a witness on the proposed pretrial order, and neither party has identified his deposition transcript for use at trial. Impeachment of a witness by using a deposition transcript taken of a different witness in a separate case will not be allowed.

As for the identity of expert witnesses, Plaintiffs maintain that "Phillip Remel may rely in part on his expertise as an arborist to support his position that a tree fell on his house" (Plaintiff mentioned in his deposition the possibility that he may be called as an expert). James K. Overstreet was identified by Plaintiffs in discovery responses as an engineer who "may have discoverable information regarding the extent and causation of Plaintiffs' property damages." In addition, Overstreet is known to State Farm because reference to his engineering report is made in the claim file. State Farm has not been deprived of the opportunity to challenge any opinions and methodology of these witnesses, for it was aware of the potential nature of the testimony and may not now complain about technical designation issues. Subject to laying the proper predicate, the proposed testimony will be allowed.

State Farm's [148] motion to limit Plaintiffs' damage recovery has factual and legal components. State Farm is attempting to impose an admission on Plaintiffs, which is more in the form of a judgment. To that extent, the Court agrees with Plaintiffs that the "motion requests not a limitation of trial testimony or evidence but a ruling from this Court as to a genuine issue of material fact. This motion would have been more properly filed as a motion for summary judgment, the deadline for which has passed." The Plaintiffs will have a full and fair opportunity to submit evidence on the valuation issue, although for evidentiary purposes it may also be considered an admission or a statement against interest. Additionally, State Farm has not established as a matter of law that the value stated in the Internal Revenue Service document is unconditionally binding for all purposes. *See, e.g., Sima/Signature Lake, L.P., et al. v. Certain Underwriters at Lloyd's London*, No. 1:06cv186 (docket entry [34]).

The final motion [150] addressed in this order also invades the territory of determining

factual and credibility issues. The evidence of replacement cost and losses claimed are subject to cross-examination and Court instructions as to what is covered under the policy. For present purposes, the motion will be denied.

Accordingly, **IT IS ORDERED**:

State Farm's [139] Motion to Preclude Plaintiffs from Introducing Testimony that Waiver or Estoppel Create or Modify Coverage is **GRANTED**;

State Farm's [147] Motion to Preclude Plaintiffs from Identifying, Using, or Referencing any Unproduced Evidence or Witnesses at Trial is **GRANTED IN PART** and **DENIED IN PART**;

State Farm's [148] Motion to Limit Plaintiffs' Damage Recovery for their Dwelling to the Amount Sworn to by Plaintiffs to the Internal Revenue Service is **DENIED**; and

State Farm's [150] Motion to Exclude Evidence of or Reference to Replacement Cost of Insured Property is **DENIED**.

**SO ORDERED** this the 3rd day of March, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE