UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PHILLIP REMEL AND BARBARA REMEL                                            PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:07cv126-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
AND OTHER DEFENDANTS                                                        DEFENDANTS

## ORDER

This order focuses primarily on the motions *in limine* filed by the Plaintiffs. They are as follows:

[152] Motion to Exclude Evidence Regarding the Acceptance of Mississippi Development Authority (MDA) Grant Funds;

[153] Motion to Exclude Evidence That was not Gathered as Part of a "Full and Thorough" Investigation;

[154] Motion to Exclude Portions of the Deposition of Phillip Remel; and

[159] Motion to Exclude any and all Video, Photographs, and Written Statements Which do not Depict or Otherwise Record Events Occurring Within a One Mile Radius of the Plaintiffs' Home.

The Court will also go ahead in this order to dispose of State Farm's [146] Motion for a Ruling that Plaintiffs' Acceptance of a Flood Insurance Payment Constitutes an Admission that at Least that Amount of Flood Damage Occurred and that the Flood Insurance Payment must be Offset Against any Recovery Under Plaintiffs' Homeowners Insurance.

Plaintiffs acknowledge in their [152] motion regarding the MDA grant that the acceptance of payments under their flood insurance policy "constitutes a judicial admission that damage to the property caused by flood was at least equal to the flood insurance payment," (citation omitted), and that, "[a]s the Plaintiffs are estopped from claiming that $149,100.00 in damage occurred to their dwelling and contents, the Plaintiffs are necessarily estopped from claiming that 'some damage' was caused by flooding."; therefore, they argue that evidence of the receipt of grant funds "is cumulative and does not further substantiate an [sic] fact in dispute." The Court agrees. The only valid argument that State Farm makes in opposition is that receipt of the grant may act to rebut the Plaintiffs' claim for emotional distress. However, testimony

1

concerning those damages will not be introduced until after the first phase of the trial, and the Court will revisit this issue in that eventuality. Nonetheless, given Plaintiffs' admission of the legal effect arising from the flood insurance benefits, any and all evidence of the MDA grant will be excluded from the first phase of the trial because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

Plaintiffs' oddly titled [153] motion is erroneously premised on the idea that State Farm must limit the evidence it presents to the time of the denial of the claim. While State Farm is under a duty to conduct a full and thorough investigation, it is also under a continuing duty to investigate a loss, even after a lawsuit has been filed. *Gregory v. Continental Insurance Co.*, 575 So. 2d 534 (Miss. 1991). Indeed, in *Broussard v. State Farm Fire and Casualty Co.,* 523 F.3d 618 (5th Cir. 2008), State Farm retained experts following the institution of litigation who were allowed to testify as to their opinion of the hurricane loss. This Court has already ruled [182] that "State Farm may not prevent Plaintiffs from introducing evidence in the first phase of the trial concerning the manner in which the claim was handled"; neither may Plaintiffs prevent State Farm in the same phase from introducing evidence outside the claim file even if developed in the context of the litigation, i.e. the entire claim evaluation process pre- and post- suit. Whether this evidence negates coverage or falls under the category of improperly looking for a defense to a valid claim is another matter. In the meantime, Plaintiffs' [153] motion is not well taken.

The topics of Phillip Remel's deposition that Plaintiffs [154] seek to exclude fall into four categories: 1) prior lawsuits in which Mr. Remel was involved as a party or as an interested owner (in whole or in part) of a business which was a party; 2) other insurance claims by Mr. Remel (both property and automobile); 3) the Plaintiffs' receipt of the above-discussed MDA grant; and 4) a sketch drawn by Mr. Remel and attached as an exhibit to the deposition. They will be taken in reverse order.

The sketch is absolutely admissible, but Plaintiffs may supply any explanation why it may be inaccurate or otherwise not reliable subject to further examination. This goes to weight rather than admissibility. Consistent with the above, any and all evidence of the MDA grant is not appropriate for the first phase of the trial (State Farm's [176] response does not address this aspect of the motion). Inquiry about other insurance claims involving other property, claims not arising out of Hurricane Katrina, or automobile claims will also be excluded, for they carry with them the danger of unfair prejudice, confusion of the issues, misleading the jury, or undue delay and waste of time pursuant to Fed. R. Evid. 403. As an aside, State Farm's argument that Plaintiffs' familiarity with insurance policy provisions supports the admissibility of other insurance claims is eliminated with the Plaintiffs' concession that they are not challenging the water exclusion or the hurricane endorsement provision. The field of policy interpretation is the Court's. The final topic related to Plaintiffs' [154] motion–past litigation–also falls under the scope of Fed. R. Evid. 403. To repeat, this trial will be limited to the claim that is the subject of this litigation.

State Farm has identified in the proposed pretrial order several videos (D-38 through D-

45, and D-53) that it does not claim were taken in the direct vicinity of the Plaintiffs' damaged residence in Long Beach, Mississippi. In fact, it is well beyond a stretch to claim that they were taken in the general vicinity of the insured property. Rule 403 of the Federal Rules of Evidence again comes into play and calls for exclusion.

Finally, Plaintiffs' attempts to avoid this Court's numerous decisions on the effect of the acceptance of flood insurance payments are not persuasive, and Plaintiffs are precluded from going behind their decision in this regard, especially given the nature of their own [152] motion concerning the MDA grant and flood insurance benefits discussed *supra*. State Farm's [146] motion will be granted in part, but denied to the extent that the Court will follow its usual procedure in handling this issue.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [152] Motion to Exclude Evidence Regarding the Acceptance of MDA Grant Funds is **GRANTED IN PART** and **DENIED IN PART**;

Plaintiffs' [153] Motion to Exclude Evidence That was not Gathered as Part of a "Full and Thorough" Investigation is **DENIED**;

Plaintiffs' [154] Motion to Exclude Portions of the Deposition of Phillip Remel is **GRANTED IN PART** and **DENIED IN PART**;

Plaintiffs' [159] Motion to Exclude any and all Video, Photographs, and Written Statements Which do not Depict or Otherwise Record Events Occurring Within a One Mile Radius of the Plaintiffs' Home is **GRANTED**; and

State Farm's [146] Motion for a Ruling that Plaintiffs' Acceptance of a Flood Insurance Payment Constitutes an Admission that at Least that Amount of Flood Damage Occurred and that the Flood Insurance Payment must be Offset Against any Recovery Under Plaintiffs' Homeowners Insurance is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED** this the 4th day of March, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE